### BERKOWITZ v. TUCHFELD.

(Supreme Court, Appellate Term, First Department. May 31, 1916.)

SALES ☞359(1)—ACTION FOR PRICE—RECOVERY—AMOUNT.

     In an action for goods sold and delivered, evidence *held* not to sustain a judgment for plaintiff.

     [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056, 1057; Dec. Dig. ☞359(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Berney Berkowitz against Max Tuchfeld. From a judgment rendered in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Aaron & Breslau, of New York City (Harry Aaron, of Brooklyn, of counsel), for appellant.

Weintraub & Kunstler, of New York City (Harold L. Kunstler, of New York City, of counsel), for respondent.

PER CURIAM. This action was brought to recover for goods sold and delivered to the defendant, and resulted in a judgment in favor of the plaintiff. The defense was a general denial and payment.

A bill of particulars of the plaintiff's claim was filed by him, and his manager testified positively and in detail to the delivery of the goods specified in the bill of particulars, and to the exact amount of credit given to the defendant. He testified that at a time when the balance claimed to be due the plaintiff was the sum of $165.01 the plaintiff's driver handed in a check made by the defendant for the sum of $100, for which the defendant had credit. He was very positive that this check was not for more than that amount; but when the defendant produced the check, and it appeared that it was for the sum of $125, he attempted to explain it by saying that the defendant "owed me $25 for the week before this, so I allowed him for the week before $25 off." It nowhere appeared, nor was it claimed, that more goods were sold or deliveries made than was shown upon the bill of particulars, and it is clear that so far as the present record shows the defendant has paid in that instance $25 more than he has received credit for.

The defendant testified, and was corroborated by another witness, and in fact it was not substantially disputed, that as to one or more deliveries charged against him in said bill he had refused to accept the goods, and there is also testimony, also undisputed, or from which it may fairly be inferred, that at one time the defendant paid the sum of $80 to apply on the account, but was credited with but $60. There should be a new trial.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.